UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHAWN W. GAYLOR,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   CASE NO. 1:06-cv-0194-DFH-TAB
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )

ENTRY ON PLAINTIFF'S ATTORNEY FEE PETITION

      Plaintiff Shawn Gaylor applied for disability insurance benefits under the

Social Security Act based on his back pain and depression and emotional

impairments.  His application was denied initially, on reconsideration, and then

by an administrative law judge (ALJ).  The Appeals Council remanded for further

consideration of Mr. Gaylor's mental impairments.  The ALJ again denied benefits,

and the Appeals Council denied further review.  On judicial review, this district

court affirmed the denial of benefits, finding that the ALJ had made a reasonable

decision in view of conflicting evidence.  *Gaylor v. Barnhart*, 2007 WL 968733 (S.D.

Ind. March 16, 2007).  On appeal, the Seventh Circuit reversed and remanded for

further administrative proceedings for reasons that are addressed in detail below.

*Gaylor v. Astrue*, 292 Fed. Appx. 506, 2008 WL 4206360 (7th Cir. 2008).

Plaintiff Gaylor has moved for an award of attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  His total request, including time devoted to the reply brief in support of the fee application, is for $17,089.60.  The defendant Commissioner of Social Security argues that no fee should be awarded because his position was, in the terms of the EAJA, "substantially justified."  The Commissioner has raised some minor challenges to some of the time and fees included in the fee request.  The court does not reach those minor issues.  As explained below, the court finds that the Commissioner's position in this case was substantially justified and therefore denies plaintiff's petition under the EAJA.

*Standards under the Equal Access to Justice Act*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In general, to be eligible for a fee award under this provision, four elements must be satisfied:  (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C.

§ 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application.  See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act.  Although the record does not indicate whether the Commissioner has found Mr. Gaylor entitled to benefits upon remand, Mr. Gaylor is still a "prevailing party" for purposes of the EAJA.  See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA).  The only element the Commissioner has challenged is whether his position was "substantially justified."

The Commissioner has the burden of proving that his position was substantially justified.  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  The court will look to both the agency's pre-litigation conduct and its litigation position, and must make one determination as to the entire civil action.  *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").  To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact.  *Pierce v. Underwood*, 487 U.S. 552, 565

-3-

(1988); *Cunningham*, 440 F.3d at 864.  It must be stronger than merely non-frivolous.  *Pierce*, 487 U.S. at 566.  On the other hand, the Commissioner's position need not have been correct.  See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n. 2.  "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action.  *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner.  If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position could not have been substantially justified for purposes of the EAJA.  That much is evident, for example, in *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994), in which then-District Judge Evans had affirmed denial of benefits and the Seventh Circuit reversed and remanded on the merits.  Judge Evans denied the EAJA petition, and the Seventh Circuit then affirmed the denial of fees.  Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that he had a rational ground for denying benefits.  See *id.*

Turning to this case, it is tempting to take a short path to the conclusion that the fee petition should be denied.  I could not grant the fee petition without concluding that my own decision to affirm the denial of benefits was irrational.

-4-

Although the Seventh Circuit disagreed with that decision, I do not think it was irrational, nor did I think the ALJ's decision was irrational.   Hence, the Commissioner's position was substantially justified for purposes of the EAJA. Q.E.D.?  That approach is too easy, though, and a reversal by the Seventh Circuit calls for this court to look more closely and to re-examine its earlier thinking.  I have tried to do so and have reviewed the record and earlier decisions again.

A comparison of the Seventh Circuit's decisions in *Cunningham* and *Golembiewski* provides a good illustration of when the Commissioner's position is and is not substantially justified.   In *Golembiewski*, the district court had remanded the denial of disability insurance benefits but had denied the plaintiff's petition for fees under the EAJA.  The Seventh Circuit reversed, finding that the district court had abused its discretion in denying the fee petition.  382 F.3d at 725.  The Seventh Circuit found that the remand had been required because the ALJ had violated clear and longstanding judicial precedent and violated the Commissioner's own rulings and regulations.  *Id.* at 724.  Also, the ALJ had failed to address credibility at all and had failed to apply the familiar factors under SSR 96-7p for evaluating a claimant's subjective complaints of pain.  *Id.*  The ALJ had also mischaracterized and ignored significant medical evidence.   The Seventh Circuit noted that it had not rejected any arguments by the plaintiff on appeal and had not adopted any position argued by the Commissioner in defending the ALJ's decision.  *Id.* at 725.  Also, the Commissioner had tried to defend the ALJ's

decision based on reasoning that the ALJ had not provided, contrary to well established law.  *Id.*

By comparison, in *Cunningham*, the Seventh Circuit affirmed the district court's denial of fees under the EAJA and distinguished *Golembiewski.*  In *Cunningham*, the remand had resulted from an ALJ decision that did not explain the reasoning as carefully and thoroughly as necessary.  "It was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis."  *Cunningham*, 440 F.3d at 865; accord, *Stein*, 966 F.2d at 319-20  (affirming denial of EAJA fee petition after case was remanded based on ALJ's inadequate explanation of reasoning).  Such failures to explain adequately may require remand on the merits, but they do not make it an abuse of discretion for the district court to deny fees under the EAJA. In general, then, if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees.  If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might well be a reasonable bottom-line decision, *Cunningham* and *Stein* teach that it will probably not be an abuse of discretion to deny fees.

A careful review of the Seventh Circuit's decision remanding Mr. Gaylor's case shows that this case is much closer to *Cunningham* and *Stein* than to *Golembiewski.*  The Seventh Circuit recognized that there was substantial evidence in the record that could have supported a rational decision denying benefits to Mr. Gaylor.  Regarding his back impairments and pain, two of the treating specialists

-6-

– Dr. Coscia and Dr. Trammel – opined that Mr. Gaylor was not suffering from an impairment and pain so serious as to disable him from all work.  Dr. Heathers and Dr. Green-Mack were also treating physicians and disagreed, opining that Mr. Gaylor could not work at all because of the severity of his pain.  Dr. Coscia and Dr. Trammel noted that they saw evidence of exaggerated pain and opioid dependency, which they believed needed to be addressed.  They referred Mr. Gaylor to Dr. McLimore, who also concluded that the objective evidence was inconsistent with Mr. Gaylor's claims of more severe subjective pain.   Dr. McLimore identified "drug-seeking behaviors" and recommended institutional detoxification if Mr. Gaylor showed further such behavior.  The record indicated that Mr. Gaylor had changed physicians several times when they tried to "wean" him from addictive pain medications.  Of course, such change could also be justified if a doctor simply fails to appreciate the severity of the patient's pain.

This sort of conflict in the evidence is common, especially in cases involving back pain.  Facing such a conflict in the evidence from expert treating physicians, the trier of fact both may and must make a rational decision in weighing that evidence, and in Social Security disability cases must "build a logical bridge" from the evidence to his conclusions.   In this court's view, the ALJ provided a reasonable and sufficient explanation for crediting Dr. Coscia and Dr. Trammel over Dr. Heathers and Dr. Green-Mack.  See, *e.g.*, *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (affirming denial of benefits, noting some problems in ALJ's opinion, but finding that the ALJ had built a sufficient "logical bridge").

The Seventh Circuit disagreed, writing that the reasons the ALJ gave for resolving this issue were "not persuasive." *Gaylor*, 2008 WL 4206360, at *6. The Seventh Circuit criticized the ALJ for emphasizing Mr. Gaylor's ability to squat and to walk on his heels and toes. The Seventh Circuit also found the ALJ's relied too heavily on evidence of Mr. Gaylor's daily activities: "But it is a deficient analysis to assume that a claimant's ability to care for personal needs and the needs of his or her children is synonymous with an ability to be gainfully employed." *Id.* at *7. The Seventh Circuit also faulted the ALJ for failing to explain his logic in relying on the timing of the different doctors' examinations and opinions in weighing those opinions. The Seventh Circuit also criticized the ALJ for giving weight to the fact that Mr. Gaylor was walking one mile a day. He was doing so on doctor's orders, which should not be held against him, wrote the Seventh Circuit, *id.* at *6, especially since he testified that he was in pain from the walking.

The Seventh Circuit's criticisms of the ALJ's explanation do not affect the fact that there was substantial evidence in the record indicating that Mr. Gaylor's back impairment was severe but was not totally disabling. Nor are the factors criticized by the Seventh Circuit irrelevant. The tests for squatting and walking on heels and toes are routine parts of physical examinations for patients with back pain similar to Mr. Gaylor's. In back pain cases like this one, those objective medical findings are typically included in the ALJ's opinion. The ALJ must consider the claimant's daily activities in evaluating the credibility of subjective

pain, see SSR 96-7p, and it is certainly reasonable for doctors to do the same.  A claimant's compliance with doctor's orders should not be held against him (and a claimant's refusal to comply with doctor's orders can be held against him).  But the fact that Mr. Gaylor's doctors believed he could walk a mile a day and the fact that he did so tend to weigh against a finding of total disability.

On the issue of mental impairments, the Seventh Circuit found "an even more severe omission" in the ALJ's failure to explain adequately his decision to credit Dr. Martin's views over those of Dr. Kennedy and Dr. Czarnecki.  Referring to the differing opinions of Dr. Martin and Dr. Kennedy as "a tie," the Seventh Circuit observed that Dr. Czarnecki "broke" the tie by siding with Dr. Kennedy. Of course, neither this court nor the Seventh Circuit decides such cases by counting heads, but the Seventh Circuit felt the "manifest weight of the evidence" weighed in favor of disability.  *Gaylor*, 2008 WL 4206360, at *7.  The Seventh Circuit clearly found Dr. Kennedy's and Dr. Czarnecki's opinions more persuasive, was not persuaded by the ALJ's reliance on daily activities, and concluded that the ALJ had not adequately explained his different conclusion.  *Id.* at *8.

The Seventh Circuit went on to find that the ALJ's failures to support his conclusions about the medical evidence undermined his decision to discount Mr. Gaylor's credibility as to his subjective complaints of pain.  *Id.*  That is not an independent basis for remand but a consequence of the earlier failings.  Similarly, the Seventh Circuit found that the ALJ had used incorrect hypothetical questions

-9-

with the vocational expert, but that problem clearly stems from the ALJ's findings as to credibility. The Seventh Circuit finally criticized the ALJ for failing to address explicitly the extent to which Mr. Gaylor's mental and physical impairments might have amplified each other. *Id.* at *9.

The Seventh Circuit acknowledged that there was substantial evidence in the record that could have supported a denial of benefits. "The substantial record in this case contains evidence that both supports and opposes a finding of disability." *Id.* at *5 (addressing physical impairments); see also *id.* at *8 (observing that weight of mental impairment evidence favored finding of disability but allowing for possibility that sufficient explanation could support opposite finding). The Seventh Circuit viewed the case differently than this court did, but the grounds for remand were at the core that the ALJ failed to explain sufficiently his decisions to credit some evidence over other evidence.

In this court's experience, deciding when an ALJ has built a sufficiently clear and logical bridge between the evidence and conclusions involves not bright lines but infinite shades of gray, as to which reasonable judges often may differ. See *Stein*, 966 F.2d at 319 ("The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible."). These grounds for remand weigh against a fee petition, as in *Cunningham* and *Stein*. The Commissioner's position was substantially justified "if reasonable people could differ as to the appropriateness of the contested action." *Stein*, 966 F.2d at 320 (affirming denial

-10-

of EAJA fees where disability case had been remanded based on ALJ's failure to explain reasons sufficiently), citing *Pierce v. Underwood,* 487 U.S. at 565.  It is also noteworthy here that the plaintiff did not even make the winning "logical bridge" argument in the district court, but first raised and developed the argument in the Seventh Circuit.

For all of these reasons, the court concludes that the Commissioner's position in this case was substantially justified, so that Mr. Gaylor's petition for attorney fees under the Equal Access to Justice Act should be denied.

So ordered.

Date: January 27, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Marcie E. Goldbloom
DALEY DEBOFSKY & BRYANT
mgoldbloom@ddbchicago.com,sblaz@ddbchicago.com,goldbloomm@aol.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov,tracy.jones@usdoj.gov,lin.montigney@usdoj.gov

Daniel Leonard Pulter
WORMAN DIXON & MANIS PLC
dan@wdmplc.com,pulterlawoffice@sbcglobal.net